UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KERRY CARNAHAN**  *Plaintiff*  Vs,  **KIRSCHENBAUM & PHILLIPS PC**  *Defendant* | **COMPLAINT**  JURY TRIAL DEMANDED  5:11-cv-214 (LEK/ATB) |

Albany County      }
New York State     } ss:

KERRY CARNAHAN, the plaintiff, by attorney Anthony J. Pietrafesa, Esq., complains of the defendant by alleging and showing that:

## NATURE OF ACTION

1. This is an action to enforce the Fair Debt Collection Practice Act 15 USC §1692 *et seq*, (FDCPA) and New York State General Business Law §349.

## JURIDICTION AND VENUE

2. This Court has federal question jurisdiction under 15 USC §1692k (d) and 28 USC §1331. The Court has supplemental jurisdiction per 28 USC §1367 to hear and adjudicate plaintiff's state law claims.

3. Venue is proper in this district per 28 USC §1391 (b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district because plaintiff lives in this district, defendants transact business in this district and the collection letters and communications complained of were sent to this district.

**PARTIES**

4. At all relevant times:

    a. I reside in the Town of Manlius, Onondaga County, New York State, within this district,

    b. I am a" consumer" as that term is defined in the FDCPA, in that I am an individual who allegedly owes a debt to Arrow Financial Services LLC. ; I am a "consumer" as that term is used in the New York State General Business Law 349

5. Upon information and belief, at all relevant times, the defendant Kirshenbaum & Phillips PC ( " KP"):

    a. Is a professional corporation organized and existing under the laws of New York, with a principal place of business at Levittown, New York.

    b. Is a "debt collector" as that term is defined in the FDCPA;

    c. Transacts business in this district;

    d. Is regularly engaged, for profit, in the collection for others of debt allegedly owed to them by consumers, by use of the mail, telephone, the courts of the State of New York and other means of interstate commerce.

    e. Acted through and by Arrow and at Arrow's direction, supervision and approval.

## FACTUAL ALLEGATIONS

6. KP sent me a letter dated October 23, 2009 demanding I pay it $1943.10 for an alleged debt to Arrow Financial Services LLC . ("Letter 1" ) a copy of which is attached at Exhibit A.

7. The letter contained the validation notice required by the FDCPA

8. The debt, whether or not I owe it, is a "debt" as defined by the FDCPA in that it is, as a credit card account, an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes.

9. I answered Letter 1, through my attorney, asking KP to validate the debt. A copy of that letter, dated November 2, 2009, is attached as Exhibit B.

10. Neither I nor my attorney heard anything from either party after that.

11. Then, by letter dated March 19, 2010, KP again sent me a letter demanding I pay it $1660.32. ("Letter 2", a copy of which is attached at Exhibit C ).

12.   Letter 2 reads in pertinent part as follows:

" March 19, 2010

KERRY L CARNAHAN

( address omitted
for privacy)

>   Re: Our File No.TA 22618
>   ARROW FINANCIAL SERVICES LLC
>   *A/A/O* WASHINGTON MUTUAL BANK
>
>   KERRY L CARNAHAN
>    Account #4185867880640413
>
>   Current Balance: $1,660.32

Dear KERRY L CARNAHAN:
   INCOME TAX SEASON IS HERE. A PERFECT TIME TO RESOLVE YOUR FINANCIAL MATTERS.

   We are authorized to extend to you the opportunity to settle this debt.

   Below are the options that are being extended, please select one:

A.   ____One payment: You pay 50% of the balance in one
         payment of $830.16. **Payment must be received
         on or before March 31. 2010.**

B.   ___ Two payments: You pay 60% of the balance in two monthly payments of
         $498.10 each **First payment due March 31, 2010 and Second
         payment due on or before April 30, 2010**.

Please forward the payment payable to KIRSCHENBAUM & PHILLIPS, P.C., to our office at 3000 Hempstead Turnpike, Fourth Floor, Levittown, New York 11756. Please be sure to include our file number **TA22618** on the payment to ensure prompt crediting. If your check is dishonored by the issuing institution for any reason, there will be an additional charge of $20.00 for each time that the check is deposited.

We accept various methods of payment for your convenience, please contact your account representative MR BERNARD who can be reached at 866-746-1144 ext. 370.

      Very truly yours,

      KIRSCHENBAUM & PHILLIPS, P.C

. A-TAX2

**WE ARE DEBT COLLECTORS. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**" [1]

13. Defendant did not send Letter 2 to my attorney. Defendant did not ask my attorney if it could contact me directly.

14. At all times before March 19, 2010:

 a. I did not revoke my attorney's representation of me in this matter nor did I consent to KP's direct communication with me,

 b. No court of competent jurisdiction gave K&P express permission to communicate with me.

15. At all times on or before March 19, 2010:

 a. K&P knew I was represented by an attorney in respect to the subject debt and knew his name and address;

 b. My attorney did not give his consent to K&P's direct communication with me;

---

[1] See Ex C

    c. My attorney did not fail to respond within a reasonable period of time to any communication from K&P which would have precipitated Letter 2.

16. KP never answered my validation request of November 2, 2009.

17. KP, as I am informed and believe, has and does send Letter 1 and Letter 2 in such form and sequence as demonstrated here, to other consumers within this District.

18. KP's actions in the collection of this alleged debt, as I am informed and believe, were at all times intentional, knowing, and persistent.

19. Through this sequence of letters I became increasingly annoyed, confused, worried and bothered.

## COUNT 1
*(Violation of the Fair Debt Collection Practices Act via Letter 1 and Letter 2)*

20. I repeat the allegations of the preceding paragraphs.

21. KP , by sending Letter 2, violates the FDCPA because:

    a. Letter 2 offers to settle an alleged debt for less than the creditor says is owed.

        i. The Internal Revenue Code requires that if certain creditors forgive all or part of a debt, the amount forgiven in excess of

$600 must be reported by the creditor and reported by the debtor as income on the debtor's federal tax return. [2]

ii. In other words, the discount offered by Letter 2 offers has tax ramifications to the debtor.

iii. Letter 2 deceives and seeks to mislead the debtor into accepting the attractive discounted amount without notifying him/her of the tax consequences of accepting the offer, in violation of 15 USC §§ 1692e , 1692e(2), 1692e(10) and 1692f

## COUNT 2

*(Violation of New York State General Business Law §349)*

22. I repeat the allegations of the foregoing paragraphs .

23. Letter 2 offers to settle an alleged debt for less than the creditor says is owed.

24. The Internal Revenue Code requires that if certain creditors forgive all or part of a debt, the amount forgiven in excess of $600 must be reported by the creditor and reported by the debtor as income on the debtor's federal tax return.[3]

25. In other words, the offer of a discount in both Letter1 and Letter 2 has tax ramifications to the debtor.

---

[2] 26 USC §61(a)(12)  ; 26 USC §6050P ; 26 CFR §1.6050P
[3] 26 USC §61(a)(12)  ; 26 USC §6050P ; 26 CFR §1.6050P

26. Letter 2 deceives and seeks to mislead the consumer/debtor into accepting the attractive discounted amount without notifying him/her of the tax consequences of accepting the offer.

27. Without disclosing the tax consequences, Letter 1 and Letter 2 is deceptive and misleading in a material way.

28. Such deception is, on information and belief, knowing and intentional.

29. Such deception continues every time KP sends out communications like Letter 2.

30. I, and others who have received and acted on letters like Letter 1 and Letter 2 sent from KP, have been damaged.

## COUNT 3

*(Violation of the Fair Debt Collection Practices Act)*

31. I repeat the allegations of the preceding paragraphs .

32. Letter 2 violates 15 USC §1692a (a)(2) by communicating with me when K&P knew I was represented by counsel.

## COUNT 4

*(Violation of the Fair Debt Collection Practices Act)*

33. I repeat the allegations of the preceding paragraphs.

34. KP's act of sending Letter 2 directed only at me is unfair per 15 USC §1692f as it seeks to pit me against my lawyer, seeks to have me deal with K&P directly rather than through my lawyer.

## COUNT 5

*(Violation of the Fair Debt Collection Practices Act)*

35. I repeat the allegations of the preceding paragraphs.

36. KP's act of sending Letter 2 without validating the debt as I timely requested violates 15 USC §1692e and 15 USC §1692g.

37. As I am informed and believe, defendants acts in the foregoing Counts were frequent, intentional and persistent.

38. As a result, I became anxious, confused, unsure of myself in my daily activities, and abused, feelings which persisted from the time I received the 3/19/10 letter to today.

## JURY DEMAND

I ask for a trial by jury of all issues

**WHEREFORE**, I ask the Court for judgment:

a. declaring the actions of K&P in violation of the FDCPA and New York State General Business Law §349;

b. awarding me actual and statutory damages per 15 USC §1692k, against each defendant;

c. awarding me actual and statutory damages against each defendant, per GBL §349;

d. awarding me costs and disbursements of this action, and reasonable attorney's fees as allowed by law; and

e. such other, further and different relief as the Court finds proper here.

DATED:    February 24, 2011

*s/ Anthony J Pietrafesa*

_____

**ANTHONY J PIETRAFESA ESQ. (102368)**

*Attorney for Kerry Carnahan*
210 Bell Court
Schenectady NY 12303
518.218.0851
ajp@ajp1law.com

VERIFICATION

New York State    )

Albany County    ) ss:

Kerry Carnahan, being duly worn, deposes that: I am the plaintiff in this action, I have read the complaint and the factual allegations contained in the complaint are true to my personal knowledge except for those alleged on information and belief, and as to those allegations I believe them to be true.

*s/ Kerry Carnahan*

_____

Kerry Carnahan


Sworn to and Subscribed

Before me on  2/22/2011


*s/ Anthony J Pietrafesa*

_____

Anthony J. Pietrafesa-Notary Public
Qualified in Albany County 02PI6157974
My Commission expires 11/20/2014